UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
NO: 7:06-CR-00063-BR
NO: 7:10-CV-00094-BR

| | | |
|---|---|---|
| COLLIER D. SESSOMS | ) | |
| | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA | ) | |

This matter is before the court on initial review of petitioner's 28 U.S.C. § 2255 petition. Pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings, "if it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion . . . ."

On 11 December 2006 and pursuant to a plea agreement, petitioner pled guilty to transmission of child pornography in violation of 18 U.S.C. § 2252(a)(1) and transportation of obscene materials over the internet in violation of 18 U.S.C. § 1462. On 17 March 2008, the court sentenced petitioner to a 235-month term of imprisonment. Petitioner appealed. On 14 April 2009, on the government's motion, the Fourth Circuit dismissed petitioner's appeal as barred by the waiver of the right to appeal included in the plea agreement. The instant petition was filed on 14 May 2010.

At the outset, the court addresses the scope of the waiver contained in the plea agreement. In addition to waiver of the right to appeal, the plea agreement provides that petitioner agrees

> to waive all rights to contest the conviction or sentence in any
> post-conviction proceeding, including one pursuant to 28 U.S.C. §
> 2255, excepting an appeal or motion based upon grounds of

ineffective assistance of counsel or prosecutorial misconduct not
know to the Defendant at the time of the Defendant's guilty plea.

(Pl. Agree. ¶ 2(c).) Like the waiver of the right to appeal, the court specifically noted this provision of the plea agreement in petitioner's Rule 11 hearing and petitioner stated he understood the terms. (12/11/06 Tr. at 18, 19.) Petitioner knowingly and voluntarily waived his right to challenge his conviction or sentence in a post-conviction proceeding such as this, except based on ineffective assistance of counsel or prosecutorial misconduct not know at the time of his plea. Therefore, to the extent petitioner could be deemed to assert claims other than those expressly excepted,[1] such claims are waived.

The applicable legal standard for an ineffective assistance claim is well established. Under the principles of Strickland v. Washington, 466 U.S. 668 (1984):

> a meritorious ineffective assistance claim must demonstrate two things: first, that counsel's performance was deficient and, second, that counsel's deficient performance prejudiced the defense. Under the second prong of *Strickland* 's test, there is a "strong presumption" that counsel's strategy and tactics fall "within the wide range of reasonable professional assistance." For counsel's trial performance to be deficient, he must have "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment," and that "counsel's representation fell below an objective standard of reasonableness." To establish prejudice, a defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Under *Strickland,* a reasonable probability is a "probability sufficient to undermine confidence in the outcome."

Burch v. Corcoran, 273 F.3d 577, 588 (4th Cir. 2001) (citations omitted), cert. denied, 122 S. Ct. 2311 (2002). In the guilty plea context, to demonstrate prejudice, petitioner must show that but

---

[1] For example, petitioner claims "fraud upon the court" as a ground for relief. (Pet. at 7.) Yet, in the memorandum he filed in support of the petition, petitioner only identifies various alleged instances of ineffective assistance of counsel. (Mem. at 2-8.)

2

for counsel's errors, he would have insisted on going to trial. Hill v. Lockhart, 474 U.S. 52, 59 (1985).

First, petitioner contends that counsel was ineffective for failing to inform him of the mandatory minimum sentences on the offenses to which petitioner pled guilty and for failing to object to the court's failure to inform of the same at his Rule 11 hearing. (Pet. at 4; Mem. at 3.) Only the offense of transmission of child pornography carries a mandatory minimum sentence. Compare 18 U.S.C. § 2252(b)(1) with id. § 1462. That statutory mandatory minimum term of imprisonment is set forth in the plea agreement. (Pl. Agree. ¶ 3(a).) Furthermore, at the Rule 11 hearing, the court informed petitioner of that fact, and petitioner stated he understood. (12/11/06 Tr. at 17-18, 19.) To the extent counsel may have failed to inform petitioner of the mandatory minimum, the court cured the deficiency and petitioner did not suffer any prejudice. See United States v. Foster, 68 F.3d 86, 87-88 (4th Cir. 1995) (holding at Rule 11 hearing court corrected any misinformation defendant received from counsel and thus was not prejudiced).

Next, petitioner claims that counsel failed to inform him of his right to a trial by judge, rather than by jury. (Pet. at 4; Mem. at 4.) "There is no constitutional right to a trial by a judge. *Singer v. United States*, 380 U.S. 24 . . . (1965). 'The ability to waive a constitutional right does not ordinarily carry with it the right to insist upon the opposite of that right.' *Faretta v. California*, 422 U.S. 806, 819 n.15 . . . (1975) . . . ." Calhoun v. Farley, 913 F. Supp. 1218, 1225 (N.D. Ind. 1995); see also United States v. Van Metre, 150 F.3d 339, 353 (4th Cir. 1998). Even assuming counsel failed to inform petitioner that he could request a bench trial and that such failure was deficient under Strickland, petitioner cannot show he was prejudiced. First, the government must consent to a non-jury trial. Fed. R. Crim. P. 23(a)(2). Second, it is within the

3

court's discretion whether to approve a defendant's waiver of the right to a jury trial. Van Metre, 150 F.3d at 353. Therefore, even if counsel had informed petitioner that he could request a bench trial and even if petitioner had waived his right to a jury trial in writing as required by Fed. R. Crim. P. 23(a)(1), petitioner was not assured a bench trial. Because petitioner cannot show that the result of the proceeding would have been different, he is not entitled to relief on this ground.

In addition, petitioner argues that counsel failed to object to his sentences on the two counts violating the Double Jeopardy Clause. (Pet. at 4; Mem. at 4.) Petitioner claims he was "punished more than once for a single course of action""that took place on August 6, 2005." (Mem. at 4.) As the Fourth Circuit has recognized,

> [w]hen the government convicts a defendant for two crimes based on identical conduct, the Fifth Amendment requires that the sentencing court "determine whether the legislature . . . intended that each violation be a separate offense." If the legislature did intend each violation to be a separate offense, then the Double Jeopardy Clause provides no protection against multiple punishments. But if the legislature did not intend to punish the same conduct twice, the Double Jeopardy Clause bars two or more punishments for the same offense, and thus "prevent[s] the sentencing court from prescribing greater punishment than the legislature intended."

Jones v. Sussex I State Prison, 591 F.3d 707, 710 (4th Cir. 2010) (citations omitted) (most alterations in original).

Here, the two statutes at issue are set forth entirely separate from one and another and contain separate penalties for violation thereof. Section 1462 is contained within the chapter pertaining to obscenity-related crimes and provides in pertinent part:

> Whoever . . . knowingly uses any . . . interactive computer service (as defined in section 230(e)(2) of the Communications Act of

4

>                1934), for carriage in interstate or foreign commerce--
>                        (a) any obscene, lewd, lascivious, or filthy book,
>                        pamphlet, picture, motion-picture film, paper, letter,
>                        writing, print, or other matter of indecent character .
>                        . .
>                Shall be fined under this title or imprisoned not more than five
>                years, or both, for the first such offense . . . .

18 U.S.C. § 1462(a). The provision expressly criminalizing the use of an interactive computer service was added as part of the Communications Decency Act of 1996. See Pub. L. No.104-104, Title V, §§ 501, 507(a).

On the other hand, Section 2252 is within the chapter pertaining to crimes exclusively directed towards the sexual exploitation and abuse of children. It provides in relevant part that:

>                (A) Any person who--
>                        (1) knowingly transports or ships using any means
>                        or facility of interstate or foreign commerce or in or
>                        affecting interstate or foreign commerce by any
>                        means including by computer or mails, any visual
>                        depiction, if--
>                                (A) the producing of such visual
>                                depiction involves the use of a minor
>                                engaging in sexually explicit
>                                conduct; and
>                                (B) such visual depiction is of such
>                                conduct . . .
>                (b)(1) . . . shall be fined under this title and imprisoned not less
>                than 5 years and not more than 20 years . . . .

18 U.S.C. § 2252. The language "by any means including by computer" was added as part of the Child Protection and Enforcement Act of 1988. See Pub. L. No. 100-690, §§ 7501, 7511(b).

Based on the foregoing, it is clear that Congress intended to create separate offenses and the Double Jeopardy Clause was not violated by petitioner being punished for each offense, although they concerned the same conduct. Accordingly, petitioner's counsel was not deficient for failing to object to petitioner's sentences on this ground.

5

Petitioner also cites counsel's failure to file a motion to dismiss the indictment on the ground of multiplicity. (Pet. at 4; Mem. at 5.) "Multiplicity involves 'charging a single offense in more than one count in an indictment.' The multiplicity doctrine finds its roots in the Fifth Amendment's Due Process Clause, which 'assure[es] that the court does not exceed its legislative authorization by imposing multiple punishments for the same offense.'" United States v. Colton, 231 F.3d 890, 908 (4th Cir. 2000) (citations omitted) (alteration in original). As recognized above, petitioner was charged with entirely distinct offenses, and thus, the indictment was not multiplicitous. There was no basis for counsel to file a motion to dismiss the indictment, and petitioner is not entitled to habeas relief on this ground.

Petitioner then contends counsel should have filed a motion to dismiss the indictment for lack of jurisdiction because the Assistant U.S. Attorney who prosecuted petitioner was not authorized to represent the United States. (Pet. at 4; Mem. at 6.) Petitioner raised this same argument in his 13 April 2010 motion to dismiss. The court denied that motion, (see 5/13/10 Order), and will not revisit the issue now.

Petitioner asserts that counsel should have objected to the court's statement that petitioner waived his right to a jury trial when such waiver was not in the plea agreement. (Pet. at 5; Mem. at 7.) Pursuant to Fed. R. Crim. P. 11(b)(1)(C), before the court accepted petitioner's guilty plea, the court was required to inform petitioner, and determine that he understood, the right to a jury trial. The court did just that. (12/11/06 Tr. at 3.) In fact, when petitioner requested that the court explain his rights again, the court explained that he had a right to a trial by jury, that he waived the right, and answered petitioner's question about that right. (Id. at 12, 13, 14-15.) Petitioner stated that he understood. (Id. at 13, 15.) Even if a defendant pleads

6

guilty pursuant to a plea agreement, the waiver of the right to a jury trial need not appear in the agreement. As such, there was no reason for counsel to lodge an objection at petitioner's Rule 11 hearing, and counsel was not deficient.

Petitioner also contends counsel should have objected when the court participated in plea negotiations. Specifically, petitioner claims the court participated in plea negotiations by informing petitioner that he was waiving his right to a jury trial even though the waiver was not a term in the plea agreement. (Pet. at 5; Mem. at 7-8.) Petitioner's plea was knowing and voluntary. The court did nothing to alter or influence the terms of petitioner's plea agreement. Rather, as noted above, Rule 11 requires that the court inform petitioner of his right to a jury trial. Counsel need not have objected on this basis and was not deficient in this regard.

The petition is DISMISSED.

The court finds that petitioner has not made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, a certificate of appealability is DENIED.

This 23 June 2010.

                                  W. Earl Britt
                                  Senior U.S. District Judge