UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
NO. 7:06-CR-63-BR

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | ORDER |
| COLLIER DOUGLAS SESSOMS | |

This matter is before the court on defendant's motion for compassionate release. (DE # 139.)

In 2006 and pursuant to a plea agreement, defendant pled guilty to transmission of child pornography and transportation of obscene materials. The court sentenced him to a total term of 235 months imprisonment. He appealed, and the Fourth Circuit Court of Appeals dismissed the appeal based on defendant's waiver of appellate rights in the plea agreement.

In April 2021, defendant, with the assistance of counsel, filed the instant motion with supporting exhibits. (DE ## 139, 140.) The government filed a response in opposition with supporting exhibits, (DE ## 144, 145), and, in response to the court's order, filed defendant's sentence computation and inmate discipline data, (DE # 143). Defendant filed a reply. (DE # 147.)

After briefing concluded, the court learned defendant had been released from incarceration to the supervision of the Bureau of Prison's residential reentry management field office in Seattle, Washington. (See 3/15/22 Order, DE # 149.) Concerned such release may have rendered the instant motion moot, the court directed the parties to file supplemental briefs, (id.), which they recently did, (see DE ## 150, 151).

Defendant seeks a reduction in his sentence to time served pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), as amended by the First Step Act of 2018 ("First Step Act").[1] That statute provides in relevant part:

> The court may not modify a term of imprisonment once it has been imposed except that—
>   (1) in any case—
>     (A) the court, upon motion of the Director of the Bureau of Prisons ["BOP"], or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . , after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>       (i) extraordinary and compelling reasons warrant such a reduction . . .
>     and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

18 U.S.C. § 3582(c).

The Sentencing Commission has not issued a policy statement applicable to motions filed by defendants under this statute.[2] United States v. McCoy, 981 F.3d 271, 275 (4th Cir. 2020). "[A]s a result, district courts are 'empowered . . . to consider *any* extraordinary and compelling reason for release that a defendant might raise.'" Id. at 284 (citation omitted) (emphasis added).

---

[1] The First Step Act amended § 3582(c)(1)(A) to permit a defendant to bring such a motion. See Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5239 (2018).

[2] The policy statement contained in U.S.S.G. § 1B1.13 "addresses only BOP-filed motions." United States v. High, 997 F.3d 181, 186 (2021). Nonetheless, it "'remains helpful guidance even when motions are filed by defendants.'" Id. (quoting McCoy, 981 F.3d at 282 n.7). Relevant here, "[w]ith respect to medical conditions, [extraordinary and compelling] reasons include that 'the defendant is suffering from a terminal illness' or 'the defendant is . . . suffering from a serious physical or medical condition.'" Id. (quoting U.S.S.G. § 1B1.13 cmt. 1(A)(i), (ii)) (alterations omitted). Extraordinary and compelling reasons also include "family circumstances," i.e., "[t]he death or incapacitation of the caregiver of the defendant's minor child or minor children" or "[t]he incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner." U.S.S.G. 1B1.13 cmt. 1(C).

In deciding whether a sentence reduction is appropriate, the court must also consider the applicable § 3553(a) factors. 18 U.S.C. § 3582(c)(1)(A).

> Those factors include "the nature and circumstances of the offense"; "the history and characteristics of the defendant"; "the need to avoid unwarranted sentence disparities"; and the need for the sentence to "provide just punishment," "afford adequate deterrence," "protect the public," and "provide the defendant with . . . training, medical care, or other correctional treatment in the most effective manner."

United States v. High, 997 F.3d 181, 186 (4th Cir. 2021) (citing 18 U.S.C. § 3553(a)).

First, the court addresses whether defendant's release from Yazoo City USP moots his motion. The BOP is now housing defendant at Pioneer Fellowship House, a residential reentry center ("RRC"), in Seattle, Washington. (Phillips Decl., DE # 151-1, at 2.) Defendant maintains that his grounds for relief—his family circumstances and his health conditions in conjunction with COVID-19—continue to make this a live controversy, despite his residing at a RRC. (See Resp., DE # 150, at 4-5.) The court agrees that under the facts here, defendant's request for a time served sentence is not moot.

Turning to the merits of defendant's motion,[3] the court considers whether defendant has shown extraordinary and compelling reasons to warrant his release from BOP custody. One of the bases on which defendant seeks release is his father's health. His father has Parkinson's disease, among other serious health conditions, which are causing his father's health to rapidly deteriorate. (Mot., Ex. 4, DE # 139-3; Resp., DE # 150, at 3.) He needs assistance with daily activities, which defendant's mother is now providing, and he has mobility issues. (Mot., Ex. 4, DE # 139-3.) Defendant's mother supports defendant's release so that he may assist her in

---

[3] "The Government does not contest Defendant's claim that he exhausted his administrative requirements before filing the instant motion." (Resp., DE # 144, at 1 n.1.) See also United States v. Muhammad, 16 F.4th 126, 131 (4th Cir. 2021) ("[T]he threshold requirement in § 3582(c)(1)(A) is non-jurisdictional . . . .").

3

caring for his father and enable her to take care of household activities and herself. (Id.)

Defendant also relies on his own health conditions which place him at a heightened risk of severe illness from COVID-19. Defendant is 46 years old and has Type 2 diabetes, obesity, COPD, hypertension, and asthma.[4] (Mot., DE # 139, at 1; Mot., Ex. 3, DE # 140, at 4-5.) Although defendant has previously contracted COVID-19, has since been vaccinated, and has been released from incarceration, he argues that he remains vulnerable to the virus at the RRC. (Resp., DE # 150, at 4-5.)

The government does not dispute that an individual with defendant's medical conditions is more likely to get very sick with COVID-19. (See Resp., DE # 139, at 18.) See also Centers for Disease Control and Prevention, People with Certain Medical Conditions, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Apr. 6, 2022). At Pioneer Fellowship House, no inmates are currently positive for COVID-19. See BOP, COVID-19 Cases, https://www.bop.gov/coronavirus/ (last visited Apr. 6, 2022). It has reduced the number of inmates residing there from 60 to 41 and has implemented precautionary measures to prevent the spread of COVID-19. (Phillips Decl., DE # 151-1, at 2-3.)

The court agrees with the government that the COVID-19 risk defendant now faces is much lower in this communal living situation than in the prison setting. (See Resp., DE # 151, at 2.) Of course, defendant's family circumstances have not changed, and it appears they may have somewhat worsened since initial briefing concluded. (See Resp., DE # 150, at 3.)

---

[4] Defendant's medical records do not identify COPD or obesity as one of his current medical conditions. (See Mot., Ex. 3, DE # 140, at 4-5.) However, for purposes of this motion, the court accepts defendant's representation that he has both conditions.

4

Considering all the circumstances, the court concludes defendant has not shown extraordinary and compelling reasons for release. Even assuming defendant had made such a showing, the applicable § 3353(a) factors do not support reducing his sentence.

Defendant's intellectual functioning is in the low average range. (PSR. DE # 122, ¶ 30.) He has suffered from depression. (Id. ¶ 31; Mot., Ex. 3, DE # 140, at 4.) Prior to the instant offenses, defendant had no criminal history. (See PSR, DE # 122, ¶¶ 20-21.) The offenses here involved defendant not only electronically sending child pornography but also having on his computer at least 300 child pornography images, including ones depicting sadistic or masochistic conduct, and his sexually abusing his live-in girlfriend's two children, both under 12 years old and one of whom had Down's syndrome. (See id. ¶¶ 9-17.) At sentencing, the victims' father and stepmother gave powerful remarks regarding how defendant's acts had affected the two children and their family. (1/7/08 Tr., DE # 82, at 34-41.) The court declined to impose a variant sentence, instead imposing a term of imprisonment at the low end of the guideline range.

Defendant has been in custody more than 15 years, serving 95% of his sentence of imprisonment, with good time credit. (See Resp., Ex. 1, DE # 143-1.) While incarcerated, he took classes and taught other inmates. (Mot., Ex. 1, DE # 139-1, at 1-2.) He committed two prohibited acts, both of moderate severity. (Resp., Ex. 2, DE # 143-2.) See also 28 C.F.R. § 541.3, Table 1 (2022). He declined to participate in sex offender treatment. (Resp., Ex. 1, DE # 144-1, at 2.)

Living at the RRC, he is taking a reentry course, receiving mental health counseling, and working in the kitchen of a nearby pizza business. (Resp., DE # 150, at 2.) Upon release, he intends to reside with his parents and help take care of his father. (Mot., DE # 139, at 11.) His

parents will support him in return for his caregiving duties.  (Mot., Ex. 4, DE # 139-3.)   He will be on supervised release for the remainder of his life, a condition of which requires his participation in mental health treatment, including sex offender treatment, as directed by his probation officer.   (J., DE # 78, at 3-4.)

The nature and circumstances of the offenses are very serious.   As such, the court places particular importance on defendant's successful transition back to the community, which his residing in a RRC is furthering.   Early release would undermine the seriousness of the offenses and would not provide just punishment nor provide defendant with needed correctional treatment to promote his reentry to society.

Defendant's motion for compassionate release is DENIED.

This 8 April 2022.

_____
W. Earl Britt
Senior U.S. District Judge